IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EUGENE D. LOUDERMILL,         *

     Petitioner,           *

v.                              *         Civil Action No. GLR-15-3182

STATE OF MARYLAND,        *

     Respondent.        *

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Eugene D. Loudermill's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2012) (ECF No. 1). Loudermill challenges his conviction in the Circuit Court for Anne Arundel County, Maryland for possession of cocaine with the intent to distribute. Respondent State of Maryland, through counsel, moves to dismiss the Petition for failure to exhaustion state court remedies. (ECF No. 3). The Court granted Loudermill additional time to reply (ECF No. 4), but has not done so. No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons that follow, the Court will dismiss the Petition without prejudice for lack of exhaustion.

## I.  BACKGROUND

In December 2014, Loudermill was found guilty of possession of cocaine with the intent to distribute. (ECF No. 1). He was sentenced to ten years of incarceration. (Id.). Loudermill did not appeal the judgment or file a petition for post-conviction relief. (ECF No. 3-1).

Loudermill filed the present Petition for federal habeas corpus relief on October 19, 2015. (ECF No. 1). He claims he is improperly in state custody because his trial counsel was

ineffective, the evidence introduced against him at trial was insufficient, and the prosecutor committed prosecutorial misconduct.[1] (Id.).

## II.   DISCUSSION

### A.   Exhaustion

Lack of exhaustion in state court precludes federal habeas relief.  See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .").  The exhaustion requirement "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'"  Slavek v. Hinkle, 359 F.Supp.2d 473, 479 (E.D.Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491–92 & n.10 (1973)).  The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275 (1971) (quoting Wilwording v. Swenson, 404 U.S. 249, 250 (1971)).

Exhaustion has two requirements.  First, the petitioner must utilize "all available state remedies before he can apply for federal habeas relief."  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997)).  A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

---

[1]  Loudermill may wish to pursue his claims in state court, as appropriate.  To the extent Loudermill wishes to file a petition for state post-conviction relief, he may wish to contact the Clerk of the Circuit Court for Anne Arundel County or the Post- Conviction Defenders Division (formerly the Collateral Review Division) of the Office of the Public Defender.

Second, the petitioner must afford state courts an adequate opportunity to address the precise constitutional claims advanced in the federal habeas petition.  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365–66 (1995)).  The petitioner must seek review in the highest state court with jurisdiction to consider the claim.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this is accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings.  See Matthews, 105 F.3d at 911; Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994).

To exhaust a claim on direct appeal in non-capital cases, a petitioner must appeal to the Maryland Court of Special Appeals ("COSA") and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  See Md.Code Ann., Cts. & Jud.Proc. ("CJP") §§ 12-201, 12-301 (West 2016).  To exhaust a claim through post-conviction proceedings, a petitioner must file a petition in the Circuit Court and an application for leave to appeal to COSA.  Md.Code Ann., Crim.Proc. § 7-109 (West 2016).  If COSA denies the application, there is no further review available and the claim is exhausted.  CJP § 12-202.

Here, Loudermill has failed to exhaust his claims in state court through direct appeal and post-conviction proceedings.  Accordingly, the Court will dismiss his Petition without prejudice.[2]

---

[2]  The Clerk will send Loudermill a § 2254 information and forms packet in the event he decides to pursue federal habeas corpus relief upon exhaustion of available state court remedies. He is cautioned to be mindful that a one-year limitations period applies to § 2254 petitions, and that period may have already expired.

**B.**     <u>**Certificate of Appealability**</u>

A Certificate of Appealability (COA) "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir. 2001) (quoting <u>Slack</u>, 529 U.S. at 484).  Because Loudermill does not satisfy this standard, the Court will not issue a COA.

### III.     CONCLUSION

For the foregoing reasons, the Petition (ECF No. 1) is DISMISSED without prejudice for lack of exhaustion.  The Court DECLINES to issue a COA.   A separate Order follows.

Entered this 15th day of August, 2016

/s/

_____

George L. Russell, III
United States District Judge